UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ANNA BORS,<br><br>*Defendant.* | Civil Action No. 21-9441<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff the United States of America's (the "Government") unopposed Motion for Default Judgment and a Permanent Injunction,[1] ECF No. 5, against Defendant Anna Bors ("Defendant");

and it appearing that this action arises out of Defendant's allegedly unlawful assistance and facilitation of a mail and wire fraud scheme primarily targeting senior citizens, see Compl. ¶¶ 1, 8, ECF No. 1;

and it appearing that Defendant is engaged in an ongoing lottery scam whereby callers contact victims, falsely claim that they won the lottery, and tell the victims that they need to wire or otherwise transmit money to pay for fees, taxes, and other costs associated with winning the lottery, id. ¶ 8;

and it appearing that Defendant plays a role by receiving victims' payments by mail and direct deposit into her bank accounts and then allowing individuals in Jamacia to withdraw the money from her accounts, id. ¶ 9;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that on April 15, 2021, the Government filed the one-count Complaint seeking injunctive relief pursuant to the Fraud Injunction Statute, 18 U.S.C. § 1345 ("Section 1345"), for alleged mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 ("Section 1341" and "Section 1343"), id. ¶¶ 21-24;

and it appearing that Defendant has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that on May 28, 2021, the Clerk of Court entered default against Defendant;

and it appearing that before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008), and whether the Government properly served Defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service on Defendant, ECF No. 3;

and it appearing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of Sections 1341 and 1343;

and it appearing that the Court has personal jurisdiction over Defendant, as the Government alleges that she is domiciled in New Jersey, Compl. ¶ 6; see Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that venue is proper in this District pursuant to 28 U.S.C. § 1391(b);

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that the Government seeks a permanent injunction pursuant to Section 1345, which allows the Attorney General to commence a civil action for injunctive relief if a person is "violating or about to violate . . . [18 USCS §§ 1341 et seq.],"[2] 18 U.S.C. § 1345(a)(1)(A); Compl. ¶¶ 21-24;

and it appearing that Section 1345 empowers courts to enter restraining orders, prohibitions, and "take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of person for whose protection the action is brought," 18 U.S.C. § 1345(b);

and it appearing that the Government alleges violations of Sections 1341 and 1343 for mail and wire fraud, id. ¶ 22;

and it appearing that to support its application for a permanent injunction under Section 1345, the Government must demonstrate by a preponderance of the evidence that probable cause exists to believe that the defendant is currently engaged or about to engage in a fraudulent scheme violative of Sections 1341 or 1343, but proof of irreparable harm is not necessary for the Government to obtain the injunction, see United States v. Weingold, 844 F. Supp. 1560, 1573 (D.N.J. 1994);

and it appearing that injunctive relief is authorized under Section 1345 "only when the alleged fraudulent scheme is ongoing and there exists a threat of continued perpetration," id. (internal quotations omitted);

and it appearing that to state a claim for mail or wire fraud, the Government must show "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in

---

[2] "[C]ivil suits under [Section] 1345 are often used to preserve the status quo during a lengthy parallel criminal probe." United States v. Payment Processing Ctr., LLC, 435 F. Supp. 2d 462, 464 (E.D. Pa. 2006) (citation omitted).

3

furtherance of the scheme," United States v. Al Hedaithy, 392 F.3d 580, 590 (3d Cir. 2004); see also Bridge v. Phx. Bond & Indem. Co., 553 U.S. 639, 647 (2008) (stating that mail fraud "occurs whenever a person, 'having devised or intending to devise any scheme or artifice to defraud,' uses the mail 'for the purpose of executing such scheme or artifice or attempting so to do;'" (quoting Section 1341));

and it appearing that "the Government may establish intent to defraud under section 1341 simply by showing that the defendants made material misrepresentations of fact with reckless disregard to their truth or falsity," Weingold, 844 F. Supp. at 1574 (internal quotations omitted);

and it appearing that the wire fraud statute, Section 1343, "is identical to the mail fraud statute except it speaks of communications transmitted by wire," and so "cases construing the mail fraud statute are applicable to the wire fraud statute as well," United States v. Frey, 42 F.3d 795, 797, n.2 (3d Cir. 1994);

and it appearing that "[t]he gravamen of the [mail fraud] offense is the scheme to defraud, and any mailing that is incident to an essential part of the scheme satisfies the mailing element," Bridge, 553 U.S. at 647 (internal citations omitted);

and it appearing that the Government alleges that on March 20, 2015, United States Postal Inspectors interviewed Defendant about the fraudulent scheme, explained the nature of the scheme, and had Defendant agree to refuse further "sweepstakes" related mailings, Compl. ¶ 10;

and it appearing that despite Defendant's oral agreement, Defendant continued to receive additional mailings in support of the fraudulent scheme, with at least seventeen additional mailings arriving between March 30, 2015 and August 12, 2016, id. ¶¶ 11-12;

and it appearing that on August 12, 2016, a U.S. Postal Inspector and an Internal Revenue Service Special Agent interviewed Defendant a second time, and that while Defendant refused to

4

sign a cease and desist consent order, she was warned that her actions were criminal, acknowledged that she understood the scheme was criminal, and agreed that she would no longer accept fraudulent mailings, id. ¶ 12;

and it appearing that Defendant received at least sixteen additional mailings in support of the scheme between August 12, 2016 and September 9, 2020, id. ¶ 13;

and it appearing that on September 12, 2020, the U.S. Postal Inspection Service served Defendant with a certified letter again informing her of her unlawful participation in the fraudulent scheme and warning her that continued participation could result in criminal or civil enforcement measures, id. ¶ 14;

and it appearing that Defendant received at least four additional mailings related to the scheme since September 12, 2020, id. ¶ 15;

and it appearing that based on the above allegations, the Government has sufficiently pled that (1) a scheme to defraud exists in the form of a lottery scam or "prize promotion fraud" and "money transmitting business";[3] (2) Defendant is knowingly and willfully participating in the fraudulent scheme; (3) Defendant was repeatedly advised that her conduct facilitates mail and wire fraud and could result in enforcement action against her such that she is acting with the specific intent to defraud; and (4) she is using mail and interstate wire communications in furtherance of the scheme;

and it appearing that the Government has demonstrated probable cause by a preponderance of the evidence to believe that Defendant is engaged or about to engage in mail fraud or wire fraud

---

[3] The Government defines prize promotion fraud as "a plan, program, promotion, or campaign that is conducted to mislead a prospective victim or victims to believe that they have won, or may or will win or receive, a sweepstakes, contest, lottery, prize, inheritance, money, property, or other thing of value, contingent on the victim providing, or providing a means of accessing or obtaining, any fee" and money transmitting business as "a person who, for a fee, receives funds from one person for the purpose of transmitting the funds, or providing access to the funds, to another person." ECF No. 5.2.

violative of Sections 1341 and 1343, and thus a permanent injunction against Defendant is appropriate;

and it appearing that "[c]ourts routinely issue injunctions as part of default judgments," Axact (PVT), Ltd. v. Student Network Res., Inc., No. 07-5491, 2008 WL 4754907, at *3 (D.N.J. Oct. 22, 2008) (citation and quotation marks omitted);

**IT IS** on this 13th day of December, 2021;

**ORDERED** that the Government's Motion for Default Judgment and a Permanent Injunction, ECF No. 5, is hereby **GRANTED**; and it is further

**ORDERED** that Defendant is permanently prohibited and enjoined from, directly or indirectly, assisting, facilitating, or participating in any prize promotion fraud and any money transmitting business; and it is further

**ORDERED** that the Government shall personally serve this Order upon Defendant; and it is further

**ORDERED** that this Order shall not be modified except in writing by the Government and Defendant, and subject to approval by the Court; and it is further

**ORDERED** that this Order shall constitute a final judgment and order in this action; and it is further

**ORDERED** that this Court retains jurisdiction of this action for the purpose of enforcing or modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate; and it is further

**ORDERED** that this case is now closed.

                                                /s Madeline Cox Arleo
                                                **MADELINE COX ARLEO**
                                                **UNITED STATES DISTRICT JUDGE**